Filing # 50378845 E-Filed 12/21/2016 01:33:32 PM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:
DIVISION:

MARK K. KNAIER and LILY KNAIER,
individually and as trustees of the
KNAIER, INC. MONEY PURCHASE
PENSION PLAN and the KNAIER, INC.
DEFINED BENEFIT PLAN,

             Plaintiffs,

vs.

AXXA, INC., a foreign corporation, FIRST
AMERICAN FUND, INC., a foreign corporation,
SANDRA R. MARKO, an individual, and SAM J.
SHERRARD, an individual,

             Defendants.

_____/

## COMPLAINT

Plaintiffs, Mark K. Knaier and Lily Knaier, individually and as trustees of the Knaier,
Inc. Money Purchase Pension Plan (the "Money Purchase Pension Plan") and the Knaier, Inc.
Defined Benefit Plan (the "Defined Benefit Plan"), hereby sue Defendants AXXA, Inc.
("AXXA"), First American Fund, Inc. ("First American"), Sandra R. Marko ("Marko"), and Sam
J. Sherrard ("Sherrard"), and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     This is an action for damages exceeding $15,000.00, exclusive of interest,
attorneys' fees and costs.

2.      Plaintiffs, Mark K. Knaier and Lily Knaier, reside at 808 Peppervine Avenue, St. Johns County, Florida 32259. At all material times Plaintiffs, Mark Knaier and Lily Knaier, served as trustees of the Money Purchase Pension Plan and the Defined Benefit Plan.

3.      Defendant AXXA is a corporation organized and existing under the laws of the State of Arizona, and whose principal address is 10645 N. Tatum Blvd., #200-426, Phoenix, Arizona 85028.

4.      Defendant First American is a corporation organized and existing under the laws of the State of Arizona, and whose principal address is 10645 N. Tatum Blvd., #200-426, Phoenix, Arizona 85028.

5.      Defendant Marko is an individual who, upon information and belief, resides at 4303 Cactus Road, Phoenix, Arizona 85032.

6.      Defendant Sherrard is an individual who, upon information and belief, resides at 2908 E. Norcroft Street, Mesa, Arizona 85213.

7.      At all times material to this action, Defendants Marko and Sherrard were directors, officers, agents and/or owners of AXXA and First American, and financial and pension advisors to Plaintiffs. Marko and Sherrard also controlled and directed the activities of AXXA and First American.

8.      This Court has jurisdiction over Plaintiffs' claims against Defendants because Defendants: (1) engaged in substantial and not isolated activity within this state; (2) operated, conducted, engaged in, or carried on a business or business venture in this state; (3) committed tortious acts within this state; (4) owned and held a mortgage or other lien on real property located within this state; (5) caused injury to persons or property within this state arising out of an act or omission outside of this state, when at the time of the injury, the Defendants were

2

engaged in solicitation or service activities within this state; and/or (6) breached a contract within this state by failing to perform acts required by the contract to be performed in this state.

9.      Venue is appropriate in this Court pursuant to Chapter 47, Florida Statutes.

## GENERAL ALLEGATIONS

10.      On or about September 12, 2003, a defined benefit pension plan was adopted by Knaier, Inc., a Florida Corporation with a principal place of business located at 808 Peppervine Avenue, St. Johns County, Florida 32259 (hereinafter referred to as the "Defined Benefit Plan").

11.      Plaintiffs Mark Knaier and Lily Knaier were the sole trustees of the Defined Benefit Plan and were its only participants.

12.      Following the adoption of the Defined Benefit Plan, Defendants Marko and Sherrard solicited Mark Knaier and Lily Knaier for the purpose loaning to and/or investing funds with entities owned and controlled by Defendants.

13.      Defendants Marko and Sherrard also solicited their individual professional services to Mark Knaier and Lily Knaier to perform various accounting, advisory and other fiduciary functions related to the Defined Benefit Plan.

14.      On or about December 5, 2006, Defendants AXXA and First American, jointly and severally, executed a Demand Promissory Note in the original stated amount of $1,405,577.81 and delivered it to Mark Knaier, on behalf the Defined Benefit Plan, which was the holder of the Note.  A true and correct copy of the Demand Promissory Note is attached hereto and incorporated by reference herein as Exhibit A.

15.      The terms of the Demand Promissory Note require AXXA and First American to pay to the Defined Benefit Plan, on demand, the principal sum of $1,405,577.81, together with interest on the outstanding principal amount at a rate of ten percent (10%) per annum, compounded monthly, in United States legal tender.

3

16.    The terms of the Demand Promissory Note also state that the principal funds borrowed by AXXA, Inc. and First American Fund, Inc. were to be used to invest in private mortgages.

17.    Upon information and belief, due to the overall economic downturn occurring in or around 2008, especially as it related to the real estate and housing market and mortgage industry, Defendants AXXA and First American became financially fragile and unsound. Consequently, AXXA and First American no longer had sufficient assets to pay the principal and interest continuing to accumulate under the Demand Promissory Note should demand be placed by its holder, the Defined Benefit Plan.

18.    As a result, in or around December of 2008, Defendants Marko and Sherrard counseled Plaintiffs Mark Knaier and Lily Knaier regarding the status of the Defined Benefit Plan and, under false pretenses, erroneously convinced Plaintiffs that it was in their best interest to terminate the Defined Benefit Plan and replace it with the Knaier, Inc. Money Purchase Pension Plan (the "Money Purchase Pension Plan").

19.    Defendants Marko and Sherrard had prepared and provided to Plaintiffs Mark Knaier and Lily Knaier documents to terminate the Defined Benefit Plan and replace it with the Money Purchase Pension Plan. Upon the advice and counsel of Marko and Sherrard, a document entitled "Agreement to Terminate" the Defined Benefit Plan was ultimately signed by Plaintiffs Mark Knaier and Lily Knaier, as trustees of the Plan, on December 16, 2008. A true and correct copy of the Agreement to Terminate is attached hereto at Exhibit B.

20.    In erroneously advising and assisting Plaintiffs regarding the termination of the Defined Benefit Plan and replacing it with the Money Purchase Pension Plan, Defendants Marko and Sherrard deliberately failed to properly effectuate the series of transactions. These failures include, but are not limited to, Marko and Sherrard's failure to accomplish the proper transfer of

4

the assets held by the Defined Benefit Plan to the Money Purchase Pension Plan – namely, the Demand Promissory Note.

21.     Though signed on December 16, 2008, the Agreement to Terminate provided by Defendants Marko and Sherrard stated that the termination was effective almost 12 months earlier, as of January 1, 2008.  Backdating the effective date of the termination was accomplished by Defendants Marko and Sherrard in an attempt to legitimize and conceal improper transgressions as it related to the amounts owed under the Demand Promissory Note.

22.     Specifically, on or about September 22, 2008, Sherrard signed a false document on behalf of Defendant AXXA, which was notarized by Defendant Marko.  That document states in pertinent part as follows:

> Knaier Inc. Money Purchase Pension, formerly Knaier Inc. Defined Benefit Pension, has purchased one third (1/3) of the interest in 33 1/3 acres of property in Pinal county acquired from GW Management Inc. for the sum of one million four hundred thousand dollars (1,400,000.00) on September 22, 2008.  The total 33 1/3 acres of property is being held in the name of, including the one third (1/3) owned by Knaier Inc Money Purchase Pension, Axxa, Inc.
>
> When the property is sold Knaier Inc Money Purchase Pension is entitled to one third (1/3) of the net receipts from Axxa Inc. within five (5) days of the cash payment received from the sale.

A true and correct document of the aforementioned document is attached hereto at Exhibit C. The property referenced above (the "Property") was owned by Defendants as the result of Defendants' foreclosure of the Property.  The value assigned by Defendants, in a knowing and unilateral fashion, was grossly overvalued, especially given the market conditions of 2008 and Defendants' "investment" in the Property.  By the purported transaction described by Exhibit C, including the overvaluation of the Property, Defendants sought to:  (a) wrongfully relieve themselves of the obligations of the Demand Promissory Note; (b) wrongfully shift the risk of the Property to Plaintiffs; and (c) wrongfully profit at Plaintiffs' expense.

23.     Other than the Demand Promissory Note, ownership of which was never transferred from the Defined Benefit Plan to the Money Purchase Pension Plan (nor cancelled by the Defined Benefit Plan), the Money Purchase Pension Plan did not have sufficient assets to pay the $1,400,000.00 referenced in the September 22, 2008 document (Exhibit "C").

24.     Furthermore, the September 22, 2008 document referenced at <u>Exhibit C</u> is not a legal or effective conveyance of the Property and was never negotiated with or agreed to by Plaintiffs.

<u>COUNT I</u>

**(Breach Of Promissory Note By The Defined Benefit Plan
Against AXXA And First American)**

25.     Plaintiffs adopt and incorporate by reference all of the allegations stated in Paragraphs 1 through 24 as if set forth herein.

26.     Though the Agreement to Terminate the Defined Benefit Plan was signed by Plaintiffs on December 16, 2008, the assets of the Defined Benefit Plan were never transferred out of the Plan.  As such, the termination was not effective, and the Defined Benefit Plan is the true and proper holder of the Demand Promissory Note in due course.

27.     On June 3, 2016, correspondence was issued on behalf of Mark Knaier, as trustee of the Defined Benefit Plan, to Defendants AXXA and First American demanding payment under the Demand Promissory Note.  A true and correct copy of the June 3, 2016 demand letter is attached hereto at <u>Exhibit D</u>.

28.     The payoff amount of the Demand Promissory Note, including principal and accrued interest through June 3, 2016, was $3,570,028.44.

29.     Defendants AXXA and First American defaulted under the terms of the Demand Promissory Note by failing to make the installment payment due on July 3, 2016, and all subsequent installment payments.

30.     On or about July 15, 2016, Plaintiffs issued a letter to Defendants informing of their default under the Demand Promissory Note and advising that default interest under the Demand Promissory Note was accruing as a result.  A copy of this letter is attached hereto as Exhibit E.

31.     Plaintiffs have accelerated the amounts due under the Demand Promissory Note.

32.     As of June 3, 2016, the total amount of principal and accrued interest outstanding under the Note was $3,570,028.44, with additional interest accruing at the rate of 18% per annum, in addition to the costs and attorneys' fees extended by Plaintiffs to seek collection of the amounts due to date.

33.     All conditions precedent to bringing this action have occurred or have been waived.

34.     The Demand Promissory Note provides that Defendants shall pay attorneys' fees and costs incurred by Plaintiffs in this action as a result of Defendants' default under the Note.

35.     Plaintiffs employed the law firm of Liles Gavin, P.A. to represent their interests herein and have become obligated to pay their attorneys a reasonable fee for their services.

WHEREFORE, Plaintiffs Mark Knaier and Lily Knaier, as trustees of the Knaier, Inc. Defined Benefit Plan, demand judgment against Defendants AXXA, Inc. and First American Fund, Inc. for damages, including pre-judgment and post-judgment interest, costs, attorneys' fees, and such further and additional relief as this Court deems just and proper.

## COUNT II

### (Breach Of Fiduciary Duty By The Defined Benefit Plan
### Against Marko And Sherrard)

36.     Plaintiffs Mark K. Knaier and Lily Knaier, as trustees of the Defined Benefit Plan, adopt and incorporate by reference all of the allegations stated in Paragraphs 1 through 24 as if set forth herein.

37.     Defendants Marko and Sherrard, individually and on behalf of Defendants AXXA and First American, provided professional services by performing advisory, accounting, and other fiduciary functions related to the Defined Benefit Plan.

38.     As a result of their services provided, Defendants Marko and Sherrard occupied positions of trust and confidence with respect to Plaintiffs. Accordingly, Marko and Sherrard owed fiduciary duties to Plaintiffs with respect to the Defined Benefit Plan. Specifically, Defendants Marko and Sherrard had a fiduciary duty to prudently manage the assets of the Defined Benefit Plan and provide advice and take such action as was in the best interest of the Defined Benefit Plan.

39.     Defendants Marko and Sherrard's respective breach of their fiduciary duties included, without limitation, the following:

(a)     Failing to prudently manage assets of the Defined Benefit Plan;

(b)     Erroneously advising and assisting Plaintiffs regarding the termination of the Defined Benefit Plan, and attempting to replace it with the Money Purchase Pension Plan;

(c)     Failing to properly effectuate the termination of the Defined Benefit Plan and transfer of its assets into the Money Purchase Pension Plan;

8

(d)    Instead of acting in Plaintiffs' best interests, Defendants acted in their own selfish interest by attempting to transfer their risk in the Property to Plaintiffs and by overvaluing the Property in an effort to make an illicit profit at Plaintiffs' expense;

(e)    Acting to wrongfully benefit AXXA and First American at the expense of Plaintiffs;

(f)    Misappropriating or converting for their own use, funds owned by the Defined Benefit Plan;

(g)    Divesting, or attempting to divest, funds belonging to the Defined Benefit Plan into an asset whose value was grossly overstated without the permission or acquiescence of Plaintiffs; and

(h)    Providing time to insulate AXXA and First American from Plaintiffs' claims.

40.    The violations by Defendants Marko and Sherrard of their fiduciary duties have resulted in damages sustained by Plaintiffs.

WHEREFORE, Plaintiffs Mark Knaier and Lily Knaier, as trustees of the Knaier, Inc. Defined Benefit Plan, demand judgment against Defendants Sandra R. Marko and Sam J. Sherrard for damages, including pre-judgment and post-judgment interest, costs, and such further and additional relief as this Court deems just and proper.

## COUNT III

### (Negligence By The Defined Benefit Plan Against Marko And Sherrard)

41.    Plaintiffs Mark K. Knaier and Lily Knaier, as trustees of the Defined Benefit Plan, adopt and incorporate by reference all of the allegations stated in Paragraphs 1 through 24 as if

set forth herein.

42.    Defendants Marko Sherrard, individually and on behalf of Defendants AXXA and First American, provided professional services by performing advisory, accounting, and other fiduciary functions related to the Defined Benefit Plan.

43.    As a result of their services provided, Defendants Marko and Sherrard owed various duties to Plaintiffs with respect to the Defined Benefit Plan.  Specifically, Marko and Sherrard had a duty to prudently manage the assets of the Defined Benefit Plan, and provide competent advice and take such action as was in the best interest of the Defined Benefit Plan.

44.    Defendants Marko and Sherrard breached the duties owed to Plaintiffs by, among other things:

    (a)    Failing to prudently manage assets of the Defined Benefit Plan;

    (b)    Erroneously advising and assisting Plaintiffs regarding the termination of the Defined Benefit Plan, and replacing it with the Money Purchase Pension Plan;

    (c)    Failing to properly effectuate the termination of the Defined Benefit Plan and transfer of its assets into the Money Purchase Pension Plan;

    (d)    Instead of acting in Plaintiffs' best interests, Defendants acted in their own selfish interest by attempting to transfer their risk in the Property to Plaintiffs and by overvaluing the Property in an effort to make an illicit profit at Plaintiffs' expense;

    (e)    Acting to wrongfully benefit AXXA and First American at the expense of Plaintiffs;

    (f)    Misappropriating or converting for their own use, funds owned by the Defined Benefit Plan;

10

(g)    Divesting, or attempting to divest, funds belonging to the Defined Benefit Plan into an asset whose value was grossly overstated without the permission or acquiescence of Plaintiffs; and

(h)    Providing time to insulate AXXA and First American from Plaintiffs' claims.

45.    The violations by Defendants Marko and Sherrard of the duties owed to Plaintiffs constitute negligence, and have resulted in damages sustained by Plaintiffs.

WHEREFORE, Plaintiffs Mark K. Knaier and Lily Knaier, as trustees of the Knaier, Inc. Defined Benefit Plan, demand judgment against Defendants Sandra R. Marko and Sam J. Sherrard for damages, including pre-judgment and post-judgment interest, costs, and such further and additional relief as this Court deems just and proper.

## COUNT IV

### (Fraud By The Defined Benefit Plan
### Against AXXA, First American, Marko, And Sherrard)

46.    Plaintiffs Mark Knaier and Lily Knaier, as trustees of the Defined Benefit Plan, adopt and incorporate by reference all of the allegations stated in Paragraphs 1 through 24 as if set forth herein.

47.    Defendants Marko and Sherrard, acting individually and on behalf of AXXA and First American, represented to Plaintiffs that the Defined Benefit Plan needed to be terminated and the Money Purchase Pension Plan needed to be created in order to effectuate Plaintiffs' desired retirement and pension needs and goals.

48.    Plaintiffs reasonably relied upon Defendants' representations, to Plaintiffs' detriment, by signing certain documentation recommended by Defendants Marko and Sherrard,

11

purportedly to terminate the Defined Benefit Plan and to create the Money Purchase Pension Plan.

49.    Defendants' representations were false in that there was no legitimate reason to terminate the Defined Benefit Plan and create the Money Purchase Pension Plan. Rather, the real reason for Defendants' advice and counsel to Plaintiffs was to insulate Defendants from the obligations of the Demand Promissory Note and to transfer to Plaintiffs the risks of the Property. Defendants did not disclose to Plaintiffs the real reason for Defendants' advice and counsel.

50.    Defendants' conduct was coordinated amongst the Defendants to accomplish their illicit goals. Specifically, due to their positions with, and ownership of, AXXA and First American, Defendants Marko and Sherrard acted to enhance their interest and profits in AXXA and First American. Each Defendant also sought to provide time to insulate AXXA and First American from claims by Plaintiffs.

51.    Plaintiffs suffered injury and damage due to Defendants' fraudulent conduct by, among other things, loss of any collectible value of the Demand Promissory Note; the costs and expenses of administering and terminating the Defined Benefit Plan; the costs and expenses of forming and administering the Money Purchase Pension Plan; and the costs and expenses of discovering and correcting Defendants' fraud.

WHEREFORE, Plaintiffs Mark Knaier and Lily Knaier, as trustees of the Knaier, Inc. Defined Benefit Plan, demand judgment against Defendants Sandra R. Marko and Sam J. Sherrard for damages, including pre-judgment and post-judgment interest, costs, and such further and additional relief as this Court deems just and proper.

## COUNT V

**(Cancellation of Mortgage By Mark Knaier and Lily Knaier
Against First American)**

12

52.    This is an action to cancel a mortgage on real property in St. Johns County, Florida pursuant to Section 701.04, Florida Statutes.

53.    Plaintiffs Mark Knaier and Lily Knaier, husband and wife, reside at 808 Peppervine Avenue, St. Johns County, Florida 32259.

54.    Defendant First American Fund, Inc. is a corporation organized and existing under the laws of the State of Arizona, and whose principal address is 10645 N. Tatum Blvd., #200-426, Phoenix, Arizona 85028.

55.    At all times material, Plaintiffs Mark Knaier and Lily Knaier were, and now are, the owners of a parcel of real property located at 665A Ponte Vedra Blvd., Ponte Vedra Beach, Florida 32082, and more particularly described as follows:

> Condominium Unit Number 665-A and Garage Unit Number 3 of PONTE VEDRA RETREAT III, A CONDOMINIUM, together with an interest in the common elements, the common surplus and the limited common elements appurtenant to such unit, all as described in the Declaration of Condominium Ownership of Ponte Vedra Retreat III, a Condominium, recorded in Official Records Volume 667, page 1352 of the current public records of St. Johns County, Florida.

56.    On or about March 22, 2001, Plaintiffs, as mortgagors, executed and delivered to Defendant First American, as mortgagee, a first real property mortgage on the described real property to secure payment of a promissory note in the principal amount of $490,000.00.

57.    On March 30, 3001, the mortgage was recorded in the public records of St. Johns County, Florida, Official Record Book 1582, Page 74, and the recording, since that time, including the present, has constituted public notice of the lien of the mortgage.  A copy of the mortgage is attached and marked as Exhibit F.

58.    The balance on the principal of the note was paid in full by Plaintiffs to Defendant First American.

59.     On or about September 2, 2002, Defendant First American delivered to Plaintiffs a Release of Lien, acknowledging payment in full under the promissory note and releasing the aforementioned property from all liens held by Defendant. A copy of the Release of Lien provided by Defendant to Plaintiffs is attached hereto as <u>Exhibit G</u>.

60.     Plaintiffs have fully performed under the terms of the mortgage.

61.     Despite acknowledging payment in full under the promissory note and releasing the property from all liens, Defendant First American failed to record an instrument acknowledging satisfaction of the mortgage and to have the instrument acknowledged, or proven, and duly entered of record in the Official Record Book of St. Johns County, Florida.

62.     On or about July 15, 2016, Plaintiffs made written demand on Defendant First American to record an instrument acknowledging satisfaction of the mortgage in the Official Record Book of St. Johns County, Florida, but First American refused and continues to refuse to do so.

63.     By reason of the above, the mortgage continues as a record lien against Plaintiffs' real property, notwithstanding their full payment and satisfaction of the mortgage.

64.     Plaintiffs retained the undersigned attorneys to represent them in this matter, and have agreed to pay counsel a reasonable attorneys' fee. Pursuant to Section 701.04, Florida Statutes, the prevailing party is entitled to costs of suit and attorneys' fees.

WHEREFORE, Plaintiffs Mark K. Knaier and Lily A. Knaier demand issuance of an order of this Court that the mortgage and note be canceled and that the clerk of this court execute and record a satisfaction of mortgage, that Plaintiffs be awarded their attorneys' fees and costs of suit, and such other relief as this Court deems just and proper in this matter.

## COUNT VI

**(Civil Conspiracy Against AXXA, First American, Marko, And Sherrard)**

65.    Plaintiffs reallege and incorporate herein the allegations of paragraphs 1 through 24 above and Counts I through V.

66.    By virtue of the aforementioned conduct, each Defendant acted in concert with the other for the wrongful and unlawful purposes of:

(a)    Insulating AXXA and First American from the obligations of the Demand Promissory Note;

(b)    Enhancing Marko and Sherrard's interest and profits from AXXA and First American;

(c)    Shifting Defendants' risks associated with the Property to Plaintiffs;

(d)    Depriving Plaintiffs of retirement/pension funds and converting those funds to their own use and benefit;

(e)    Liening Mark and Lily Knaier's property in an attempt to secure otherwise unsecured loans;

(f)    Generate fees and cause Plaintiffs to incur costs in connection with the Defined Benefit Plan and the Money Purchase Pension Plan; and

(h)    Provide time for Marko and Sherrard to direct the affairs of AXXA and First American such as to insulate them from the collection efforts of Plaintiffs.

67.    All of Defendants' aforementioned wrongful conduct was done for the ultimate purpose of converting Plaintiffs' funds to Defendants' own use and benefit and insulating Defendants from Plaintiffs' claims.

68.    By acting in concert with one another, Defendants had a peculiar power of coercion by virtue of their combination that, acting alone, no one Defendant could possess.  For

15

example, neither AXXA nor First American, acting alone, could have insulated themselves from the obligations of the Demand Promissory Note. Rather, it required the additional conduct of Marko and Sherrard unlawfully advising Plaintiffs with regard to the Defined Pension Plan and Money Purchase Pension Plan in an attempt to (a) cancel the Demand Promissory Note to insulate AXXA and First American from the obligations of the Demand Promissory Note; and (b) apply the amounts otherwise due Plaintiffs under the Demand Promissory Note to effectuate a transfer of Defendants' risk in connection with the Property to Plaintiffs. The end result, according to Defendants, is that Plaintiffs are no longer owed over $3.5 million from AXXA and First American (pursuant to the Demand Promissory Note), but instead Plaintiffs have only some beneficial interest in the speculative and grossly overvalued Property.

69.    By virtue of their ownership and control of AXXA and First American, Marko and Sherrard individually benefitted from their unlawful acts as Plaintiffs' pension consultants. In other words, Marko and Sherrard unlawfully abused their positions as Plaintiffs' pension consultants in order to gain unlawful benefits for AXXA and First American to Plaintiffs detriment.

70.    As the proximate result of Defendants' conspiracy, Plaintiffs suffered, among other things, the loss of any collectible value of the Demand Promissory Note; the costs and expenses of administering and terminating the Defined Benefit Plan; the costs and expenses of forming and administering the Money Purchase Pension Plan; and the costs and expenses of discovering and correcting Defendants' conspiracy.

WHEREFORE, Plaintiffs Mark Knaier and Lily Knaier, individually and as trustees of the Knaier, Inc. Defined Benefit Plan and the Knaier, Inc. Money Purchase Pension Plan, demand judgment against Defendants Sandra R. Marko and Sam J. Sherrard for damages,

including pre-judgment and post-judgment interest, costs, and such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all issues so triable.

Dated: December **21**, 2016

LILES GAVIN, P.A.

**JOHN A. CARLISLE**
Florida Bar No.: 0626716
Email: jcarlisle@lilesgavin.com
**R. KYLE GAVIN**
Florida Bar No.: 747076
Email: kgavin@lilesgavin.com
301 W. Bay Street, Suite 1030
Jacksonville, Florida 32202
Ph.:    (904) 634-1100
Fax:    (904) 634-1234
Secondary email: jostwald@lilesgavin.com

*Counsel for Plaintiffs Mark K. Knaier and Lily Knaier*

17